COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-325-CR

 

 

JOHN ROLAND LAIN                                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction

Appellant John Roland Lain
complains in two points that the trial court violated Article 33.03 of the
Texas Code of Criminal Procedure when conducting voir dire and that his trial
counsel failed to provide effective assistance. 
We affirm.








II. 
Factual and Procedural Background

Lain was indicted on February 1, 2006, for the
felony offense of driving while intoxicated, having previously been convicted
twice for the same offense. Lain=s
indictment contained one enhancement count and one habitual count, enhancing
the punishment range to twenty-five to ninety-nine years=
incarceration. 

Lain=s jury
trial began on August 7, 2006.  In the
355th Judicial District Court=s jury
trial week, all juries are selected on Monday, with multiple trials following
later throughout the week.  A previous
voir dire regarding another case involving a substantial number of the jury
panel members, and involving the same prosecutor, was held earlier on the day
of the beginning of Lain=s trial. Lain=s trial
counsel attended that morning voir dire session, but Lain was not present.  Lain=s trial
counsel did not raise any objection to the manner in which the trial court
conducted the voir dire in Lain=s subsequent
afternoon trial, nor did he make any objections regarding Lain=s
absence from the morning session.








Lain pleaded not guilty to the charge of felony
DWI, and he stipulated to two previous convictions for DWI.  As the trial got underway, the State called
Granbury police officer Clifton Andrews. 
Officer Andrews testified he stopped Lain for driving at a high rate of
speed, sixty-three miles per hour in a forty-five miles per hour zone, and for
crossing the lane dividing line twice. 
He also said that Lain smelled like alcohol, had slurred speech, and was
swaying back and forth while standing. 
Officer Andrews administered the field sobriety tests and testified that
during the HGN field sobriety test, Lain stated, AWhat you=re going
to do is bust my ass.@ 
Officer Andrews testified that Lain failed all the field sobriety tests
and that the officers concluded that Lain Awas
intoxicated, not having the normal use of his mental or physical faculties by
reason of introduction of alcohol into his body,@ and
placed Lain under arrest.  He related
that Lain refused to provide Officer Andrews a sample of his breath or
blood.  The State introduced a videotape
from another unit at the scene, and it was admitted without objection.

Under cross-examination, the arresting officer was
questioned extensively about the field sobriety tests, including other causes
of nystagmus, other types of nystagmus, and other factors that might affect the
HGN testing.  The officer was also
examined regarding questions about the one-leg stand and about the nine-step
walk-and-turn test.  At the conclusion of
cross-examination, the arresting officer admitted that it was possible that
someone could fail all field sobriety tests even if they were sober.

On redirect, the officer testified, without
objection, that he had no reasonable doubt as to whether Lain was intoxicated,
but he again admitted on recross that it was possible he was wrong.








Lain called one witness, his brother, Terry Lain,
who testified about the amount of work that Lain had been involved with prior
to his arrest and that he had injured his foot on the job.  However, his testimony about the injury was
limited by the State=s objections regarding his
qualifications to offer those opinions.  He also testified that his brother had
sustained a severe eye injury at work. 
After deliberation, the jury found Lain guilty of the DWI charge, and
the punishment phase of trial began.

The jury heard evidence that Lain had previous
DWI convictions and had been to prison three times.  During this phase of the trial, the State
recalled the arresting officer and 
introduced without objection documents confirming all of Lain=s
previous DWI convictions.  Lain=s trial
counsel did not cross-examine the witness.

The defense called two of Lain=s
siblings: the brother who had previously testified, Terry Lain; and a sister,
Tracey Lain Simpson.  Terry testified
that Lain had gotten close to his family only after the passing of another
brother, that he had lately shown himself to be a good, hard-working man, and
that over the past two years, until just recently, Lain had been doing well.  He stated that he did not believe
incarceration had assisted his brother on previous occasions. Lain=s sister
testified that she would assist in helping Lain upon release to get needed help
with his alcohol problem.








The jury assessed Lain=s
punishment at fifty years= confinement.  This appeal followed.

III.  Voir
Dire

In his first point, Lain posits his initial issue
to the court as follows: 

The question posed,
therefore, is whether allowing the same prosecutor to conduct back-to-back voir
dires involving many of the same prospective jury members amounts to a
deprivation of Appellant=s right to be present at
all parts of his trial as required by Article 33.03, Texas Code of Criminal
Procedure, and, if, in the instant case, Article 33.03 was violated, was this
particular Appellant harmed thereby.

 

Lain then argues his point thusly:

In the case at bar,
whether or not trial counsel was present during the questioning of those jurors
in the preceding jury selection process that became a part of Appellant=s venire panel, Appellant
was denied the opportunity to observe that prior selection and could not,
thereby, assist in assessing the qualifications of those persons whose answers
in the previous proceeding were used by the State in his jury selection
process.  Appellant was harmed by having
a substantial portion of the State=s questioning of his venire panel being conducted
in a voir dire proceeding which he was unable to attend.

 








Lain=s
reliance on Article 33.03 of the Texas Code of Criminal Procedure is
misplaced.  The pertinent part of the
article states that A[i]n all prosecutions for
felonies, the defendant must be personally present at the trial . . . .@  Tex.
Code Crim. Proc. Ann. art. 33.03 (Vernon 2006).  There is no showing that Lain was absent from
the voir dire of his own trial or limited in any way, but he urges this court
to, in essence, hold that the voir dire in another individual=s trial
involving some of the same venire members is the same as voir dire in his own
trial.

In Adanandus v. State, 866 S.W.2d 210
(Tex. Crim. App. 1993), cert. denied, 510 U.S. 1215 (1994), the
defendant was ill and decided to remain in his cell rather than come to trial
during the voir dire stage.  As a result,
he was not present during the voir dire of eight venirepersons.  Subsequently, a second voir dire was
conducted with these eight people after the State informed the court that it
had come to the conclusion that the absence of the defendant during the voir
dire of the previous day violated Article 33.03 of the Texas Code of Criminal
Procedure.  On appeal, the court held,

Article 33.03 provides
that a defendant must be present during trial and may not voluntarily absent
himself until after voir dire.  We hold
that the [a]rticle 33.03 was satisfied here. 
Appellant=s absence for part of the
voir dire examination was essentially Aundone@ due to re-examination in appellant=s presence of the eight
venirepersons that had been voir dired in his absence.  Because appellant was provided the
opportunity to fully voir dire in his presence each of the venirepersons who
were previously voir dired in his absence, the purposes of the statute were met
and no error occurred.

 

Id. at 217. 








Lain cites no authority validating his position
and, based on the Adanandus case and a plain reading of the statute, we
decline to adopt Lain=s interpretation of the
statute.  

Lain also briefly urges in two sentences that his
due process rights under the Fifth and Fourteenth Amendments of the United
States Constitution were violated. 
However, there is no discussion or application of the amendments or case
law to the facts at hand, and as such, we cannot discern how this argument
differs from the previous argument concerning Article 33.03 or why any analysis
of these amendments would yield a different result.  

Lain=s first
point is overruled.

IV. 
Assistance of Counsel








In his second point, Lain asserts that his trial
counsel was ineffective by failing to object to the voir dire process, which
involved some venire members from a previous trial who had been examined by the
same prosecutor.  Under Strickland v.
Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), Lain must show
that (1) counsel=s performance fell below an
objective standard of reasonableness and (2) but for counsel=s
unprofessional error, there is a reasonable probability that the result of the
proceedings would have been different.  Id.  Since we have found no error in the voir dire
process, and hence no error on the part of trial counsel in failing to object,
the Strickland test is not met and Lain=s second
point is overruled.

V. 
Conclusion

Having overruled Lain=s two
points, we affirm the trial court=s
judgment.

 

 

PER
CURIAM

 

PANEL F:    MCCOY,
J.; CAYCE, C.J.; and LIVINGSTON, J.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: August 16,
2007

 











[1]See Tex.
R. App. P.
47.4.